IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID M. LEMIEUX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv40-TMH |
| | ) | (WO) |
| J.A. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 11, 2010, the petitioner, David M. Lemieux ("Lemieux"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the Federal Bureau of Prisons ("BOP") had incorrectly calculated his release date to cause him to serve a more onerous period of incarceration than that which was contemplated by the sentencing court. By his petition, Lemieux was seeking an order from this court directing the BOP to credit his federal sentence for approximately 29 months of incarceration. However, for the reasons that follow, the court finds that this action should be dismissed as moot.

**I.   BACKGROUND**

On April 21, 1994, Lemieux was convicted in a court in England for unlawfully importing cocaine into the United Kingdom, for which he was sentenced to 16 years in prison. Decl. of Bryan Erickson (Doc. No. 14-15) at 3. Lemieux was paroled from that sentence on November 29, 2000, after which he was held in British custody pending extradition to the United States to face various pending charges. *Id*. Lemieux remained in

British custody until March 31, 2005, when he was finally extradited to the United States. *Id*.

Upon his return to the United States, Lemieux faced charges for multiple federal controlled substance offenses under two separate indictments returned in the Southern District of Florida (Case Nos. 90-7-CR & 91-8083-CR) and under a third indictment returned in the Southern District of Mississippi (Case No. 08-20220-CR). *Id*. Lemieux stated his wish to plead guilty in the three cases, and the government consented, pursuant to Fed. R. Crim. P. 20, to have Lemieux's case in the Southern District of Mississippi transferred to the Southern District of Florida (where Lemieux was being held), so that Lemieux could enter guilty pleas, at the same time in all three cases, in the United States District Court for the Southern District of Florida.[1] *See United States v. Lemieux*, Case No. 08-20220-CR, (S.D.

---

[1] Rule 20 of the Federal Rules of Criminal Procedure states, in pertinent part:

Transfer for Plea and Sentence

(a) Consent to Transfer. A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:

(1) the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and

(2) the United States attorneys in both districts approve the transfer in writing.

(continued...)

Fla.) (Doc. No. 18) at 2-4.  However, before Lemieux could enter guilty pleas in the three cases, the United States Attorney's Office in the Southern District of Mississippi was destroyed by Hurricane Katrina, causing what proved to be a prolonged delay in the Rule 20 transfer of Case No. 08-20220-CR from the Southern District of Mississippi to the Southern District of Florida.  *Id*.

Although the Rule 20 transfer of Case No. 08-20220-CR was delayed, Lemieux proceeded as scheduled with his guilty pleas in Case Nos. 90-7-CR & 91-8083-CR, and on February 24, 2006, the United States District Court for the Southern District of Florida sentenced him to 240 months in prison in Case Nos. 90-7-CR & 91-8083-CR, the sentences in the two cases to run concurrently.  Attachs. 4 & 5 (Doc. Nos. 14-5 & 14-6).  Shortly thereafter, on February 27, 2006, the district court entered an order directing the BOP to grant Lemieux credit against his sentence for time served while in England awaiting extradition to the United States (from November 29, 2000 to March 31, 2005).  Attach. 3, (Doc. No. 14-4).

In March 2008, the Rule 20 transfer of Case No. 08-20220-CR from the Southern District of Mississippi to the Southern District of Florida was finally effected, and Lemieux entered a guilty plea in that case in the United States District Court for the Southern District of Florida.  *United States v. Lemieux*, Case No. 08-20220-CR, (S.D. Fla.) (Doc. No. 18).

---

[1](...continued)
    (b) Clerk's Duties.  After receiving the defendant's statement and the required approvals, the clerk where the indictment, information, or complaint is pending must send the file, or a certified copy, to the clerk in the transferee district.

3

Sentencing in that case was set for July 2008.

On July 23, 2008, Lemieux received the benefit of a Federal Rule of Criminal Procedure 35(b) motion for sentence reduction, based on substantial assistance, filed by the government in the United States District Court for the Southern District of Florida. *Id*. at 2-3. After granting the Rule 35(b) motion, the district court reduced Lemieux's sentences in Case Nos. 90-7-CR & 91-8083-CR to 144 months in both cases. Attachs. 7 & 8 (Doc. Nos. 14-8 & 14-9). On that same date, the district court also sentenced Lemieux in Case No. 08-20220-CR to a term of 144 months in prison. Attach. 6 (Doc. No. 14-7). The district court then ordered that the 144-month sentence in Case No. 08-20220-CR was to run concurrently with the sentences in Case Nos. 90-7-CR & 91-8083-CR. *Id*.

Concerned that the discrepancy of over two years in his sentencing dates in Case No. 08-20220-CR and Case Nos. 90-7-CR & 91-8083-CR might affect the BOP's calculation of his release date, Lemieux sought and received an order from the sentencing court emphasizing that the 144-month sentences imposed in all three cases were to run concurrently, "with all time served credited with previously imposed sentences of February 24, 2006." Doc. Nos. 1-1 & 1-2. However, the sentencing court's order did not achieve the intended effect. The BOP prepared a sentence calculation for Lemieux based on a term of 14 years, 4 months, and 29 days (172 months and 29 days) of confinement commencing February 24, 2006 (the date the sentences in Case Nos. 90-7-CR & 91-8083-CR were imposed). Attach. 12 (Doc. No. 14-13). Because "a federal sentence cannot commence prior

to the date it is pronounced, even if made concurrent with a sentence already served," *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980),[2] an "overlap" of 2 years, 4 months, and 29 days was added to the term in effect to include the time that had lapsed between the two dates on which Lemieux's sentences were imposed (i.e., February 24, 2006 and July 23, 2008). *Id*. Prior custody credit was awarded from November 29, 2000, through February 23, 2006. *Id*. Based on this calculation, Lemieux's projected statutory release date was set as June 18, 2013.

Lemieux then filed this habeas petition (Doc. No. 1), arguing that the BOP's calculation of his release date improperly deprived him of credit for approximately 29 months of incarceration. He specifically contended that but for Hurricane Katrina's destruction of the United States Attorney's Office in the Southern District of Mississippi, Case No. 08-20220-CR would have been timely transferred to the Southern District of Florida pursuant to Rule 20, and would have been disposed of pursuant to a guilty plea entered at the same time as those entered in Case Nos. 90-7-CR & 91-8083-CR, resulting in his sentences being imposed on the same date in all three cases. Doc. No. 18 at 2-3. Had the three sentences been imposed on the same date, as originally contemplated, his projected statutory release date would have been approximately 29 months earlier than the release date calculated by the BOP.

## II. DISCUSSION

---

[2] *See also, e.g., Coloma v. Holder*, 445 F.3d 1282, 1284-85 (11th Cir. 2006).

The record in *United States v. Lemieux*, Case No. 08-20220-CR (S.D. Fla.) reflects that on August 3, 2011, while Lemieux's habeas petition was pending in this court, Lemieux filed a Motion for Clarification of Sentencing with the sentencing court, asking that court to amend its judgment, *nunc pro tunc*, to reflect that the judgment in Case No. 08-20220-CR was entered on February 24, 2006, i.e., on the same date the sentences were imposed in Case Nos. 90-7-CR & 91-8083-CR.  *See United States v. Lemieux*, Case No. 08-20220-CR, (S.D. Fla.) (Doc. No. 18).  On August 5, 2011, the sentencing court granted Lemieux's motion and entered an amended judgment reflecting that the judgment in Case No. 08-20220-CR was entered on February 24, 2006.  *Id.* (Doc. No. 21).  The action of the sentencing court apparently satisfied the BOP that the sentence in Case No. 08-20220-CR commenced on February 24, 2006 (and not July 23, 2008), and that the sentences in all three of Lemieux's cases commenced on the same date and ran and expired concurrently, for an August 9, 2011, Lemieux was released from federal custody.[3]

In sum, after Lemieux filed his habeas petition with this court (1) the sentencing court amended its judgment in Case No. 08-20220-CR, (2) the BOP recalculated Lemieux's release date, and (3) Lemieux was released from federal custody.  Because a favorable decision on the merits of the claims in Lemiuex's petition would not entitle him to any additional relief, the instant habeas action is moot.  *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain

---

[3] *See* BOP website, Inmate Locator: http://www.bop.gov/iloc2/LocateInmate.jsp.

time credits, and petitioner was no longer in custody); *Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action) (quotations omitted); *see also Diaz v. Kinkela*, 253 F.3d 241, 243–44 (6th Cir. 2001) (holding federal habeas petition moot where petitioner challenged additional period of incarceration for "bad time," but petitioner was released from prison during pendency of proceeding after serving the additional "bad time"); *see also, e.g., United States v. Goss*, 96 F. App'x. 365 (6th Cir. 2004) (unpublished) (defendant's objections to sentencing calculation were moot once he had served his sentence of six months of incarceration and four months of house arrest).

Based on the foregoing, the court finds that dismissal of the instant petition as moot is appropriate as reaching the merits of the arguments presented in this action would serve no purpose.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas corpus relief be dismissed as moot.

It is further

ORDERED that on or before **November 29, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 15th day of November, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE